1  HON. CARL J. WEST, RET.
   JAMS
2  707 Wilshire Blvd.
   46th Floor
3  Los Angeles, CA 90017
   Tel: 213-620-1133
4  Fax: 213-620-0100

5
   Referee
6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  BAGDASARIAN PRODUCTIONS, LLC, a  )   Case No. CV 10-02991 MWF (JCGx)
    California limited liability company, and  )
13  JANICE KARMA, an individual,     )   JAMS Reference #1220044628
                                     )
14              Plaintiffs,          )   ORDER
                                     )
15                                   )   (1) GRANTING IN PART AND DENYING
        v.                           )   IN PART PLAINTIFF BAGDASARIAN
16                                   )   PRODUCTION'S MOTION FOR LEAVE TO
                                     )   AMEND THE FIRST AMENDED
17  TWENTIETH CENTURY FOX FILM       )   COMPLAINT
    CORPORATION, a Delaware corporation,  )
18                                   )   (2) DENYING DEFENDANT TWENTIETH
                                     )   CENTURY FOX'S MOTION FOR PARTIAL
19              Defendant.           )   SUMMARY JUDGMENT
                                     )
20  _____ )

21

22   **PLAINTIFF BAGDASARIAN PRODUCTION'S MOTION FOR LEAVE TO AMEND**

23                    **THE FIRST AMENDED COMPLAINT**

24

25                              Introduction

26      Plaintiffs Bagdasarian Productions, LLC and Janice Karman brought an action against

27  Defendant Twentieth Century Fox Film Corporation in the United States District Court for the

28  Central District of California.  On June 14, 2012, this action was referred under Cal. Code Civ.

                                        1

Proc. §638 to the undersigned referee ("Referee").  Subsequently, Plaintiffs filed a First
Amended Complaint for Declaration of Copyright of Co-Ownership of Copyright and
Accounting for Profits, Copyright Infringement, Unjust Enrichment, Breach of Implied Contract,
and Breach of Contract.  Currently before this Referee is Plaintiff Bagdasarian Productions,
LLC's Motion for Leave to Amend the First Amended Complaint.

Background

The following facts are alleged in the First Amended Complaint ("FAC"):

Plaintiff Bagdasarian Productions, LLC ("Bagdasarian"), a company owned and run by
Ross Bagdasarian, Jr. and his wife Janice Karman ("Karman"), is the owner and licensor of the
properties known as Alvin and the Chipmunks.  (FAC ¶2.)  In 2004, Twentieth Century Fox
Film Corporation ("Fox") and Bagdasarian entered into a Purchase/Producer Agreement
("Producer Agreement"), pursuant to which Bagdasarian granted Fox an option for the right to
develop, produce and distribute motion pictures based on the underlying Alvin and the
Chipmunks properties.  (Id.)  The first film produced under the Producer Agreement, Alvin and
the Chipmunks ("Alvin I"), was released in 2007.  (Id.)

Following the success of the first film, Fox and Bagdasarian began work on The
Squeakquel, in early 2008.  (Id. at ¶3.)  In March 2008, Karman wrote the 33-page treatment for
The Squeakquel screenplay.  (Id.)  In connection with the development of The Squeakquel
screenplay, over the course of almost one year, Karman created numerous original treatments,
draft screenplays, scenes and dialogue.  (Id.)  Karman's screenplay writings constitute a
substantial portion of The Squeakquel's final screenplay.  (Id.)

To date, Fox has refused to account to Karman as co-owner of The Squeakquel
screenplay, or, in the alternative, as the owner of her substantial copyrighted contributions used
by Fox, without authorization, in The Squeakquel screenplay.  (Id. at ¶4.)  Further, Fox has
separately and repeatedly breached the Producer Agreement between Fox and Bagdasarian.  (Id.)
Consequently, Karman and Bagdasarian seek relief in this action.  (Id.)

////

The Claims Sought to be Added

In its Motion for Leave to Amend, Bagdasarian seeks leave to amend its FAC to add two contract-related claims for underpayment of compensation due to Bagdasarian from Fox on the soundtrack to the film Alvin and the Chipmunks: The Squeakquel ("The Squeakquel") and on the licensing of the picture to HBO, both in violation of the Producer Agreement between the parties, as well as a claim for rescission under California Civil Code § 1689(b). Bagdasarian contends that it has met the liberal standards under Federal Rule of Civil Procedure 15 because the claims sought to be added are either identical to or closely related to claims already in the case. It further contends that it is beneficial to litigate all claims now rather than in a separate proceeding.

Federal Rule of Civil Procedure 15(a) states in pertinent part that A[a] party may amend the party=s pleading once as a matter of course . . . . Otherwise a party may amend the party=s pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.@ Fed. R. Civ. P. 15(a). This policy is to be applied with Aextreme liberality.@ See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)); see also Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The United States Supreme Court stated that while it is in the court's discretion to grant or deny an opportunity to amend, a court's outright refusal to grant leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion . . . it is merely an abuse of that discretion. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Reasons which may justify denial include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, prejudice to the opposing party, and futility of the amendment. See id.; see also DCD Programs, Ltd., 833 F.2d at 186. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital , LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Leave to Amend to Add the Contract Claim for Underpayment of</u>

<u>Soundtrack Royalties on The Squeakquel Is Warranted</u>

Bagdasarian seeks to add a claim for underpayment of royalties relating to The Squeakquel soundtrack. In the FAC, it already alleges that Fox has underpaid royalties relating to the soundtrack to Alvin I.[1]  In the proposed Second Amended Complaint ("SAC"), Bagdasarian alleges that for sales of The Squeakquel soundtrack, as the basis for calculating royalties, Fox had calculated Bagdasarian's royalty upon the wholesale price of the album of $12.05 (called the "Purchase Price to Dealer" or "PPD") rather than the SRLP.  Bagdasarian contends that Fox also reduced the royalty payable to it by 25% when computing the royalty due Bagdasarian on album sales in Canada.

In its Opposition, Fox asserts that The Squeakquel soundtrack claim is futile because Bagdasarian agreed that such claims could only be brought against Rhino records.  Relying on the Producer Agreement, Fox states that where Fox obtains a written agreement with the record company to pay and account for soundtrack royalties directly to Bagdasarian, "Fox shall be relieved" of those obligations and Bagdasarian "shall look solely to the Record Company for such royalties." (Agreement, ¶10(e)).  Fox states that it entered into such agreement with Rhino in August 2009, and only Rhino pays and accounts to Bagdasarian for its royalties.

In response, Bagdasarian points to the entire language of Paragraph 10(e) of the Producer Agreement, which provides:

> Fox agrees to use its reasonable efforts to cause the Record Company to account for and pay the Soundtrack Royalty directly to Owner hereunder (unless such Record Company does not ordinarily render direct third party accountings), and if Record Company agrees in writing to Owner to so account, Fox shall be relieved of such obligations and Owner shall look solely to Record Company for such record royalties.

(Producer Agreement, ¶10(e).)  According to Bagdasarian, Rhino did not agree "to account for and pay the Soundtrack Royalty directly" to it.  As a result, Fox is not "relieved" of its obligations to account to Bagdasarian for the payment of royalties.

---

[1] Specifically, Bagdasarian alleges that Fox underpaid royalties on the sales of the Alvin I soundtrack by basing the royalty upon an amount other than the full SRLP (suggested retail list price).

1   Given the parties' contentions, the Referee finds that alleging this claim is not futile.

2   Under Rule 15, a claim is futile if no set of facts can be proved under the amendment to the

3   pleadings that would constitute a valid and sufficient claim.  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845

4   F.2d 209, 214 (9th Cir. 1998).  In the proposed SAC, Bagdasarian contends:

> Fox deprived Bagdasarian Productions of substantial royalties on
> sales of The Squeakquel soundtrack by calculating Bagdasarian
> Productions' royalty based upon the wholesale price of the album
> (called, in record industry parlance, the "Purchase Price to Dealer"
> or "PPD") rather than the full SRLP.  Moreover, Fox also reduced
> the royalty by 25% when computing the royalty due Bagdasarian
> Productions on album sales of The Squeakquel soundtrack in
> Canada.  Neither is permitted by the Producer Agreement.

10   (Proposed SAC ¶43.)  In arguing that this claim is futile, Fox goes beyond what is plead, relying

11   on an agreement it claims was entered with Rhino, and further, Bagdasarian alleges that in this

12   agreement, Fox permitted Rhino to account to Bagdasarian for royalty amounts less than the

13   Soundtrack Royalty – one that is calculated based upon the wholesale price of The Squeakquel

14   album rather than the SRLP.  Thus, leave to amend is warranted.

15   Fox asserts that even if the soundtrack claim is not futile, the delay in asserting them

16   requires that leave to amend be denied.  It contends that Bagdasarian was aware in May 2009

17   that Fox was negotiating an agreement with Rhino under which Bagdasarian's royalties were

18   subject to percentage rate deductions for various territories and that PPD accounting was

19   applicable, yet Bagdasarian did not sue for the claimed breach in the original complaint (April

20   2010) or the FAC (August 2012) and now raises the issue for the first time over four years later

21   without reasonable excuse.  Fox argues that this delay plainly prejudices it because it will be

22   required to obtain evidence in the custody and control of Rhino records.

23   The Referee finds no undue delay or prejudice to Fox.  Bagdasarian states that it only

24   recently learned of the facts underlying The Squeakquel royalties claim following Fox's

25   production of documents relating to the calculation and payment of those royalties.  Specifically,

26   it states that on December 27, 2012, it served a Second Set of RFPs which sought Fox's

27   soundtrack agreements with the record distributors for The Squeakquel and Chipwrecked

28   soundtracks as well as other documents related to Fox's calculation and payment of soundtrack

royalties on sales of those soundtracks.  Bagdasarian states that while Fox produced its

1   agreements with the record distributors, it failed to produce other documents relating to its

2   calculation and payment of royalties until Bagdasarian complained on April 26, 2013.

3   Subsequently, Bagdasarian sought a stipulation from Fox to allow it to file a second amended

4   complaint containing a claim for the underpayment of royalties on sales of The Squeakquel

5   soundtrack. Furthermore, "[u]ndue delay by itself . . . is insufficient to justify denying a motion

6   to amend." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999). Fox would still need to

7   show undue prejudice, and its bare claim that it would need to seek discovery from Rhino

8   records is insufficient. As Bagdasarian points out, Fox can seek such evidence over the next two

9   and a half months before fact discovery closes on October 18, 2013. In addition, as stated above,

10  a similar claim relating to the royalties for the Alvin I soundtrack already exists in this case. [2]

11  Thus, Bagdasarian is granted leave to amend to add a contract claim based on the royalties on the

12  sales for The Squeakquel soundtrack.

13

14              Leave to Amend to Add Claim for Breach of Implied Covenant of

15                     Good Faith and Fair Dealing Is Not Warranted

16          In Count VII (Breach of Contract) of the proposed SAC, Bagdasarian contends that the

17  underpayment of soundtrack royalties also constitutes a breach of the implied covenant of good

18  faith and fair dealing. (SAC at ¶75.) In its current Motion, Bagdasarian argues that if Fox is

19  correct that it is permitted to reduce all soundtrack royalties to Bagdasarian in accordance with

20  the provisions of the distribution agreements with the soundtracks' distributors, then Fox, when

21  negotiating and then later using these third-party agreements as a basis to reduce Bagdasarian's

22  royalties, breached either Section VII (BB)(1) of Exhibit A of the Standard Terms and

23  Conditions to the Agreement, which prohibits Fox from exercising its business judgment on a

24  discriminatory basis, or the implied covenant of good faith and fair dealing, which prohibits Fox

25  from engaging in conduct that frustrates Bagdasarian's rights of the benefits of the contract, or

26

27  [2] The Referee notes that in its Opposition to this Motion, Fox argues that the Alvin I soundtrack claims
    are time barred. However, such argument on this claim, which was first plead in the FAC, is not properly
28  brought before the Referee on this Motion for Leave to Amend.

both.  Fox asserts that Bagdasarian's proposed implied covenant soundtrack claims are futile because they cannot, as a matter of law, be based on the same facts as a breach of contract claim.

Fox is correct that an implied covenant cannot be read into a contract that has express terms governing the parties' conduct.  "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into the contract to prohibit a party from doing that which is expressly permitted by the agreement itself."  Wolf v. Walt Disney Picture and Television, 162 Cal. App. 4th 1107, 1120 (2008).  Accordingly, leave to amend to assert this claim is not warranted.

## Leave to Amend to Add Breach of Contract Claim For Discrimination in Licensing The Squeakquel to HBO Is Warranted

Bagdasarian alleges that through discovery, it has learned that Fox allowed The Squeakquel to be licensed to HBO under the HBO output arrangement of its co-financing partner, Regency, for less money than Fox and Bagdasarian would have received had the film been licensed to HBO under Fox's own HBO output arrangement.[3]  (SAC ¶ 40.)  It alleges that Fox accepted less money for the lucrative HBO license in exchange for benefits from Regency to Fox that were not shared with Bagdasarian in violation of the Agreement's requirement that Fox exercise its business judgment in a "reasonable and non-discriminatory manner."  (Id.)

In its Opposition, Fox argues that this proposed claim is futile.  Specifically, Fox argues that "non-discriminatory" means disparate treatment of similarly situated persons, and here, the assertion that Fox was "discriminatory" is particularly impossible because all profit participants for The Squeakquel had diminished revenue from HBO as a result of the co-financing of the pictures with New Regency, and so did Fox.[4]

---

[3] Bagdasarian asserted a claim in the FAC alleging that Fox breached the Producer Agreement by allowing Alvin I to be licensed to HBO under the terms of the HBO output arrangement of its co-financing partner, Regency, for less money than Fox and Bagdasarian would have received had the film been licensed to HBO under Fox's own HBO output arrangement.

[4] Fox also asserts this argument with respect to the claim based on Alvin I as alleged in the FAC, but this claim is not at issue here in this Motion for Leave to Amend.

1    The Referee finds that Bagdasarian's contract claim based on the licensing to HBO does

2  not fail to state a claim, and as such, is not futile.  Rather, based on Fox's arguments, resolution

3  of this claim will depend on the interpretation and application of the Agreement's language that

4  "Fox exercise its business judgment in a 'reasonable and non-discriminatory manner.'"  Thus,

5  the Referee finds that leave to amend to add this claim is warranted.

6

7    <u>Leave to Amend to Add a Claim for Rescission Is Not Warranted</u>

8    Bagdasarian contends that discovery conducted to date suggests that the parties may not

9  have had a meeting of the minds on the conditions under which Fox had the right to produce

10  sequels.  Specifically, according to Bagdasarian, discovery shows:

11  • Bagdasarian always sought more money for sequels than it would receive for the first

12    picture and Fox always wanted to pay less or, at most, the same amount it paid for the

13    first picture than for sequels;

14  • The parties' course of performance and course of dealing with one another indicates that

15    for each of the two sequels, Fox took the position that the $3million payment was

16    recoupable against contingent compensation, and on each occasion, Bagdasarian objected

17    to Fox's accounting treatment;

18  • Fox contends that it never agreed, nor would it have agreed, to pay Bagdasarian more

19    money for sequels than Fox paid for the first picture; and

20  • Bagdasarian did not agree, nor would it have agreed, to execute any deal that did not

21    provide more for sequels than for the first picture and understood the pertinent provisions

22    to require Fox to pay $3 million and 2.5% of Gross Proceeds for sequels.

23    As such, Bagdasarian asserts that if its interpretation of the Producer Agreement is not

24  accepted by the trier of fact, then there was a mutual mistake as to the conditions under which

25  Fox could produce sequels to Alvin I under the Producer Agreement, rendering the Producer

26  Agreement rescindable due to mutual mistake, and it seeks to add this cause of action as an

27  alternative theory of recovery to the breach of contract claim.

28    In its Opposition, Fox argues, among other things, that Bagdasarian's purported unilateral

misinterpretation of contract terms is not a basis for rescission.  It relies on <u>Hedging Concepts,</u>

1    Inc. v. First Alliance Mortgage Co., 41 Cal. App. 4th 1410 (1996). The Referee agrees that

2    Hedging Concepts is instructive here. In Hedging Concepts, the appellate court reversed the trial

3    court's rescission of a contract. Id. at 1422. It found that the parties' differing subjective

4    understandings of the contract does not constitute a "mistake" for rescission purposes. Id. at

5    1421. It stated:

6            There are two reasons courts will not set aside contracts for mere
             subjective misinterpretation. First, to declare rescission based
7            upon mistaken undisclosed subjective interpretation would conflict
             with the objective theory of enforceable contracts. If this were the
8            law, the objective theory of contracts would give with one hand,
             while the subjective misunderstanding theory of rescission would
9            take away with the other. This is not the law. Second, a unilateral
             misinterpretation of contractual terms, without knowledge by the
10           other party at the time of contract, does not constitute a mistake
             under either Civil Code section 1577 or 1578. See, generally, 1
11           Witkin, Summary of California Law (9th ed. 1987) Contracts,
12           section 379, pages 345-346.

13   Id. at 1422.

14           Bagdasarian claims that since the Referee has already held that the disputed provisions

15   are susceptible to multiple interpretations, Fox's unilateral misunderstanding arguments fails. It

16   argues that a mutual mistake forms the basis of its rescission claim, not its "unilateral

17   misinterpretation." This is the same situation addressed by the court in Hedging Concepts:

18   when the parties have differing subjective understandings of the contract. As found by that

19   court, this does not constitute a "mistake" for purposes of Civil Code §1689. Id. at 1421, 22.

20   Bagdasarian also attempts to distinguish Hedging Concepts by stating that the contract involved

21   there was an unambiguous contract. However, because the Hedging Concepts court makes no

22   mention regarding the ambiguity of the contract at issue, such a distinction does not appear

23   pertinent to its findings.

24           As aptly stated by the Hedging Concepts court: "Clearly, each side here placed a

25   different interpretation on the contract, hence all parties did not make the same mistake." Id. at

26   1421. Indeed, in the proposed SAC, Bagdasarian alleges "[d]ue to this mutual misunderstanding

27   of Paragraph 12 of the Producer Agreement, the Producer Agreement should be rescinded . . . ."

28   (SAC ¶85.) Any alleged "misunderstanding" by the parties does not equate to a mistake as that

                                                      9

legal term is used. The Referee finds that such a claim for rescission cannot be properly plead and therefore is futile. Leave to amend to add this claim is not warranted.[5]

### Leave to Amend to Add Claim for Unjust Enrichment Is Not Warranted

In the proposed SAC, Bagdasarian seeks to add a claim for unjust enrichment based on its new contract claims. Fox contends that the proposed unjust enrichment claim is futile, like the two prior unjust enrichment claims dismissed by the Referee, because the Producer Agreement governs the parties' rights and obligations. According to Bagdasarian, it seeks unjust enrichment along with rescission as an alternative to its damages claims, and in the event the Agreement is rescinded, Bagdasarian alleges that Fox has been unjustly enriched. However, as explained above, the rescission claim is futile, and leave to add that claim is not granted. Therefore, the Referee finds that the unjust enrichment claim is also futile, and leave to amend to add this claim is not warranted.

### Conclusion

Based on the foregoing, the Referee grants in part and denies in part Plaintiff Bagdasarian Productions, LLC's Motion for Leave to Amend the First Amended Complaint as follows:

- **Grants** with respect to the breach of contract claim based on soundtrack royalties for The Squeakquel;
- **Denies** with respect to the implied covenant of good faith and fair dealing contained in the breach of contract claim;
- **Grants** with respect to the breach of contract claim based on the licensing to HBO;
- **Denies** with respect to the rescission claim; and
- **Denies** with respect to the unjust enrichment claim.

Plaintiffs shall file and serve the Second Amended Complaint consistent with this Order no later than September 23, 2013.

---

[5] The Referee notes that Fox raises additional arguments regarding the futility of the proposed rescission claim, but it is not necessary to address these further arguments in light of the finding herein.

1    In addition, the Referee notes that in Footnote 1 of their Motion for Leave to Amend,

2    Plaintiffs propose to drop certain claims in the FAC "in an effort to streamline this case."  The

3    Referee shall treat this as a request by Plaintiff pursuant to Fed. R. Civ. Proc. 41 and grants

4    Plaintiffs' request to dismiss the claims set forth in Footnote 1.

5

6                 **DEFENDANT TWENTIETH CENTURY FOX'S MOTION FOR PARTIAL**

7                     **SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

8

9    Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, Fox seeks an order granting

10   partial summary judgment and/or summary adjudication on BPL's "Purchase Price" Claim in

11   Count VII of Plaintiffs' First Amended Complaint.[6]

12   To prevail on a motion for summary judgment or partial summary judgment, a moving

13   party must:  (a) meet its *burden of production* by either producing evidence negating an essential

14   element of the non-moving party's claim or showing that the non-moving party does not have

15   sufficient evidence to succeed at trial; (b) meet its *burden of persuasion* by convincing the court

16   that there is no genuine issue of material fact; and (c) demonstrate that it is thus entitled to

17   judgment as a matter of law.  In considering whether summary judgment is appropriate, the

18   Referee must view the evidence "in the light most favorable" to the non-moving party.[7]

19   A moving party may not require a non-moving party to produce evidence supporting its claim or

20   defense simply by saying that the non-moving party has no such evidence.[8]  Even if the moving

21

22   [6] Fox moved for partial summary judgment on BPL's "Purchase Price" and "FX" Claims in Count VII of
23   Plaintiffs' First Amended Complaint.  This Order addresses the "Purchase Price" only, as BPL is "no
     longer pursuing" the "FX" claim.  *See* footnote 1 at page 1, Plaintiffs Bagdasarian Productions, LLC and
24   Janice Karman's Memorandum of Law in Opposition to Defendant's Motion for Partial Summary
     Judgment dated July 30, 2013 (Opposition Brief).
25

26   [7]*Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000); *Thorns v.*
            *Sundance Properties*, 726 F.2d 1417, 1418 (9th Cir. 1984).
27

28   [8]*Nissan Fire & Marine Ins. Co. v. Fritz Companies*, at 1105.

party can meet the *burden of production*, to prevail on summary judgment, it must **also** meet the *burden of persuasion*—by persuading the court that there is no genuine issue of material fact.[9] Further, where two parties specifically declare contradictory material facts, there is a genuine issue for trial and summary judgment must be denied.[10]

## Evidentiary Objections

Fox has lodged objections to the evidence offered by Bagdasarian and Karmen. The Referee makes the following rulings on the evidentiary objections:

1. Fox Objections to Declaration of Ross Bagdasarian, Jr.-Overruled, except to the extent it offers hearsay statements attributable to Steve Waterman.
2. Fox Objections to the Declaration of Frederick I. Bernstein-Overruled. The Plum declaration places at issue factual matters relating to custom and practice in the industry, i.e., the "Marvel" sequel contract, as well as the issue of the interpretation of the word "advance" as a term of art or a term with an accepted meaning in the industry.

## Ruling on Motion

Motion is denied. The "Purchase Price" claim is not subject to summary adjudication because there are questions of fact relating to the interpretation of the parties Agreement. Where the parties proffer conflicting interpretations of an agreement, both of which may be found to be reasonable, the court may entertain extrinsic evidence to assist in both interpreting the agreement and in determining the intent of the parties. As to the "FX" Claim, the Referee will defer a

---

[9] *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, at 1106.

[10] *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) "[W]here the facts specifically averred by [the non-moving] party contradict facts specifically averred by the movant, the motion must be denied."

1   ruling on the motion pending documentation of the withdrawal of the claim as noted in Fn. 1 of

2   Plaintiffs' Opposition Brief.

3

4   DATED:  September 9, 2013

5   _____

6   Carl J. West
    Judge of the Superior Court (Ret.)
7   Referee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY U.S. MAIL

**Re: Bagdasarian Productions LLC et al. vs. Twentieth Century Fox Film Corporation**
Court Case No. CV 10-02991 MWF (JCGx)
JAMS Reference No. 1220044628

I, Kathryn Cisneros, not a party to the within action, hereby declare that on September 09, 2013 I served the attached **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF BAGDASARIAN PRODUCTION'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT (2) DENYING DEFENDANT TWENTIETH CENTURY FOX'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on the parties in the within action by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, Los Angeles, CALIFORNIA, addressed as follows:

Steven A. Marenberg Esq.
Irell & Manella, LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA   90067
   Parties Represented:
   Bagdasarian Productions
   Janice Karman


Douglas J. Dixon Esq.
Melissa R. McCormick Esq.
Irell & Manella, LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA   92660
   Parties Represented:
   Bagdasarian Productions
   Janice Karman

Hon. Michael W. Fitzgerald
U.S. District Court
312 N. Spring St.
#G-8
Los Angeles, CA   90012

Rachel M. Capoccia Esq.
Louis Karasik Esq.
Casondra K. Ruga Esq.
Alston & Bird LLP
333 S. Hope St.
16th Floor
Los Angeles, CA   90071
   Parties Represented:
   Twentieth Century Fox Film Corp.


Jonathan Gottlieb Esq.
Fox Group Legal
P.O. Box 900
Beverly Hills, CA   90213-0900
   Parties Represented:
   Twentieth Century Fox Film Corp.

I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA, on September 09, 2013.

*Kathryn Cisneros*
Kathryn Cisneros