LOUIS A. KARASIK (State Bar No. 100672)
RACHEL M. CAPOCCIA (State Bar No. 187160)
CASONDRA K. RUGA (State Bar No. 237597)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
lou.karasik@alston.com
rachel.capoccia@alston.com
casondra.ruga@alston.com

Attorneys for Defendant
TWENTIETH CENTURY FOX FILM CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company, and JANICE KARMAN, an individual,<br><br>       Plaintiffs,<br><br>  v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation,<br><br>       Defendant. | Case No. CV 10-02991 MWF (JCGx)<br><br>Referred under Cal. Code Civ. Proc. Section 638 to:<br><br>Hon. Carl J. West (Ret.)<br>JAMS Reference No. 1220044628<br><br>**CONFIDENTIAL**<br>**FILED UNDER SEAL**<br><br>**APPLICATION PURSUANT TO FRCP 56(d) IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S OPPOSITIONS TO PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Declaration of Casondra K. Ruga filed concurrently herewith]<br><br>Filing Date:      April 21, 2010<br>Hearing Date:  January 24, 2014<br>Hearing Time:  9:00 a.m. |

## I.    **INTRODUCTION**

Defendant Twentieth Century Fox Film Corporation ("Fox") submits that the Motions for Partial Summary Judgment (collectively "Motions") filed by Plaintiffs Janice Karman ("Karman") and Bagdasarian Productions, LLC ("BPL") (collectively "Plaintiffs") should be denied as Plaintiffs cannot prove essential elements of their claims (as detailed more fully in Fox's Opposition papers). Fox submits that the expert declarations of Fredric Bernstein and Christopher Tregillis offered in support of Plaintiffs' Motion are irrelevant and inadmissible on any issue framed by the parties' cross-motions. *See* Fox's Evidentiary Objections to Declaration of Fredric Bernstein ("Bernstein") and Christopher Tregillis ("Tregillis"). Plaintiffs offer these expert declarations because they have no facts to avoid dismissal of their claims on Fox's motion for summary judgment.

During the July 23, 2013 telephonic conference where the Referee set the schedule, the Referee inquired whether the parties believed dispositive motions should be scheduled before experts were disclosed and deposed. Fox said yes, because it intended to bring motions based on undisputed facts and questions of law, matters that do not depend on any expert testimony. Fox urged that it made sense to hear such dispositive motions that would potentially make expert activity unnecessary and save both sides considerable expense. Plaintiffs' counsel did not disagree. The Referee set the schedule accordingly. Now, ignoring the purpose of the schedule to hear non-expert dispositive motions first, Plaintiffs rely on untested expert declarations in support of their motions.[1]

---

[1] When Plaintiffs sought to avoid sanctions precluding their damages claims as a result of their failure to make appropriate disclosures under Rule 26(a), Plaintiffs contended that Fox was not prejudiced by their late and inadequate disclosures because it would "have ample opportunity to depose Plaintiffs' experts [on damages] during expert discovery." *See* May 7, 2013 Joint Statement at 45:13-14. Plaintiffs suggested as an alternative sanction that "the Referee order Plaintiffs to provide a second amended disclosure, *prior to expert discovery*." *Id.* at 52:21-23. The Referee ultimate ruled that Plaintiffs' disclosures were deficient and ordered them to supplement. Having gone through that process, Plaintiffs now seek to prevent expert discovery, even though that was part of their equation for ameliorating prejudice to

The parties' cross-motions on the soundtrack claim will be largely determined by whether the parties' Agreement permits deductions in the determination of royalties. This is a pure legal issue for the Referee that does not turn on any expert testimony. If deductions are permitted, BPL has received all royalties due and there is no need for any expert testimony calculating purported underpayment of royalties. Likewise, if BPL's claims are time-barred, or if *The Squeakquel* soundtrack claim is barred by the Agreement because any claim for underpayment may only be directed to Rhino, there is no need for expert testimony. Only if the Referee finds in BPL's favor on these legal issues is there any basis for the parties to exchange expert opinions on the calculation of royalty payments due under the Agreement. Likewise, Fox will only be required to present expert testimony on its offset defense of overpayment of royalties if the Referee determines that deductions are not permitted under the Agreement.[2] Under the Referee's schedule, exchange of opinions on such matters does not happen until February 2014. There is no basis for Plaintiffs' unexplained injection of expert issues on damages into summary judgment motions that turn on the Referee's interpretation of the Agreement.

Likewise, the parties' cross-motions on the implied contract claims turn on the undisputed facts related to Karman's and Fox's expectations regarding payment of additional compensation. The question is whether the parties' conduct reflects any intent by Karman to be compensated and any intent by Fox to compensate for the writing and graphic materials that Karman insisted on providing. Fox makes no claim it was able to "require" Karman to perform services allegedly outside the scope of her producer duties. Plaintiffs have nonetheless offered an expert declaration from

---

Fox for their discovery misconduct.

[2] As detailed in Fox's Opposition papers, Fox's affirmative defense of offset seeks recovery of the hundreds of thousands of dollars of overpayments made to BPL in the event there is a determination that deductions are not permitted by the Agreement, because, among other things, Fox agreed to pay an enhanced royalty percentage not required by the Agreement, with the understanding that BPL did not dispute that deductions were required by the Agreement.

2

Bernstein to argue that in view of WGA and PGA guidelines, Karman's producer services were not required by the Agreement.  That opinion is irrelevant and immaterial to the legal issues framed for the Referee on the implied covenant claims. Should the Referee deny Fox's motion for summary judgment, Fox is prepared to show at trial that, contrary to Bernstein's opinions, all of Karman's materials represent services paid-for under the Agreement and under the circumstances of this case.  But expert opinions on such matters are to be exchanged in February 2014 and are not properly submitted in a premature manner at this time.

In the event, however, that the Referee finds the expert declarations material at this juncture, pursuant to Federal Rule of Civil Procedure 56(d) and well-settled authority Fox submits this Application, along with the supporting declaration of Casondra K. Ruga ("Ruga Dec."), for an order striking the declarations as premature and deferring a determination on Plaintiffs' Motions to allow Fox fair opportunity to depose the experts and to present expert evidence in opposition to these declarations. BPL's reliance on the Tregillis Declaration and Karman's reliance on the Bernstein Declaration in support of their respective motions for partial summary judgment is fundamentally improper both as a matter of procedure and basic fairness.  As detailed below, any other result would constitute a gross miscarriage of justice that denies Fox the opportunity to have the issues heard on the merits.

## II. <u>UNDER RULE 56(d) PLAINTIFFS' EXPERT DECLARATIONS SHOULD BE STRICKEN AND THE MOTIONS DENIED UNTIL SUCH TIME AS FOX HAS AN OPPORTUNITY TO CROSS-EXAMINE THE EXPERTS AND PROVIDE REBUTTAL EXPERT TESTIMONY</u>

According to the Referee's July 23, 2013 Scheduling Order, Initial Expert Disclosures are not due until February 10, 2014, Rebuttal Expert Disclosures are not due until February 24, 2014, and the Expert Discovery deadline is March 30, 2014. (Ruga Dec., ¶2, Ex. 1, 7/23/13 Scheduling Order at 2:1-6.)  Under that schedule, Fox

1  was entitled to advance identification of Plaintiffs' experts and a full and fair
2  opportunity to depose them.  Fox was further entitled to a full and fair evaluation of
3  Plaintiffs' expert opinions by Fox's experts.  Fox was entitled to develop and prepare
4  opinions on any relevant issues from Fox's retained experts.  Plaintiffs have
5  unilaterally decided to deny Fox these rights and to ignore the Referee's schedule by
6  relying on surprise expert declarations in support of Plaintiffs' motions.

7  Plaintiffs gave Fox no notice during the parties' meet and confer over the
8  motions for summary judgment that they intended to rely on expert declarations.
9  (Ruga Dec., ¶4.)  Fox learned of these expert declarations when they were received
10  along with Plaintiffs' moving papers only on November 8.  (*Id.*)  Fox has no
11  obligation to conduct immediate expert discovery on an expedited basis to prepare
12  opposition papers, and in any event has no had no opportunity to depose the Plaintiffs'
13  experts particularly as expert activity is not even scheduled to take place until
14  February 2014.  Nor has Fox been given the opportunity to present testimony from its
15  own experts to contradict the conclusions of Plaintiffs' experts.  Fox seeks to cross-
16  examine the experts to demonstrate the flaws in their opinions and seeks the
17  opportunity to present Fox's own experts to contradict the conclusions offered by
18  Tregillis and Bernstein.  Plaintiffs would have the Referee decide their summary
19  judgment motions on a one-sided basis where only Plaintiffs have the opportunity to
20  present expert testimony and whereby their experts are shielded from cross-
21  examination and rebuttal.

22  Fed. R. Civ. Pro. 56(d) provides relief where "the party opposing summary
23  judgment makes (a) a timely application which (b) specifically identifies (c) relevant
24  information, (d) where there is some basis for believing that the information sought
25  actually exists."  *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d at 1475;
26  *Accord Burlington N. Santa Fe. R.R. Co. v. Assinboine & Sioux Tribes of the Fort*
27  *Peck Reservation,* 323 F.3d 767, 774-75 (9th Cir. 2003).  Once "a nonmovant shows
28

4

APPLICATION PURSUANT TO FRCP 56(d) IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S
OPPOSITIONS TO PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

1  by affidavit or declaration that, for specified reasons, it cannot present facts essential

2  to justify its opposition" the Court may defer considering the motion, deny it, allow

3  time for the nonmoving party to obtain declarations or conduct discovery, or issue any

4  other appropriate order.  Here, it will be essential for Fox to depose Plaintiffs' experts

5  in the event the Referee believes that their declaration testimony is material to the

6  parties' motions (though Fox submits they are not).  The appropriate order in that

7  circumstance is to strike the improper declarations – if Plaintiffs seek to rely on expert

8  testimony to move for summary judgment, they must do so after the time allotted for

9  expert discovery.  *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, C 10-3724 CW, 2013

10  WL 4456161 at *10 (N.D. Cal. Aug. 16, 2013) (denying summary judgment pursuant

11  to FRCP 56(d) and striking premature expert declarations); *see also Hoffman v.*

12  *Tonnemacher*, CIV F  04 5714AWI DL, 2005 WL 1383186 at *3 (E.D. Cal. June 7,

13  2005) (granting Rule 56(d) (previously Rule 56(f)) application where expert evidence

14  was necessary to rebut opinions offered by defendant's expert in support of summary

15  judgment, where summary judgment motion was made before close of expert

16  discovery); *Edwards v. Ford Motor Co*., 11-CV-1058-MMA BLM, 2012 WL

17  8305593 at *2 (S.D. Cal. June 13, 2012) (granting 56(d) application and denying

18  defendant's summary judgment motion because motion was made before close of

19  expert discovery).

20    At a minimum, Fox is entitled to reasonable opportunity to cross-examine the

21  experts and to present rebuttal expert testimony.  *See Carson Harbor Vill., Ltd. v.*

22  *Unocal Corp*., CV 96-3281 MMM (RCX), 2003 WL 22038700 at *3 (C.D. Cal. Aug.

23  8, 2003) (where plaintiffs relied on a declaration of an undeposed expert in their

24  opposition to summary judgment, the court held that "[i]f the testimony is allowed at

25  this point, defendants will be substantially prejudiced, because they have not had the

26  opportunity to depose Dr. Lee regarding his opinions"); *Sims v. Metro. Life Ins. Co*.,

27  C-05-02980 TEH EDL, 2006 WL 3826716 at *2 (N.D. Cal. Dec. 27, 2006) (requiring

28

party to have opportunity to depose expert whose declaration was relied on in summary judgment motion)   Because litigation is not a game and cases are to be decided on their merits, 56(d) motions of this kind are granted as a matter of course. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003) (Rule 56(d) motions "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence"); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition") (internal quotations omitted); *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986) (denial of a Rule 56(d) application "is especially inappropriate where the material sought is also the subject of outstanding discovery requests").   Here, the "outstanding discovery" is not even scheduled to occur until February 2014.

With respect to Tregillis, the evidence Fox intends to offer will demonstrate that Tregillis's conclusions regarding Fox's calculation of BPL's royalties on the *Alvin and the Chipmunks* ("*Alvin*") and *Alvin and the Chipmunks:  The Squeakquel* ("*The Squeakquel*") soundtrack albums is fundamentally flawed.  (Ruga Dec., ¶¶7-10.)  Fox will present such evidence through cross-examination of Tregillis that establishes the flaws and mistaken assumptions of his analysis.  (*Id.*)  Fox will demonstrate that Tregillis's conclusions relating to the permissibility of deductions, alleged underreporting of units and royalties, and Rhino's calculation of BPL's royalties keyed to the Published Price to Dealer ("PPD") on *The Squeakquel* soundtrack albums are simply incorrect.  (*Id.*)  Fox has retained  accounting and industry experts who will provide testimony demonstrating that units were not underreported and that Tregillis's

1   conclusions are flawed and ████████████████████████████

2   ████████████████████████████████████████████████

3   ████████████   (Ruga Dec., ¶9.)  Further, should the Referee conclude the Agreement is

4   ambiguous (it is not), Fox will present expert testimony demonstrating that taking

5   deductions from a royalty base defined by the Suggested Retail List Price ("SRLP") is

6   standard industry custom and practice in the music industry.  (Ruga Dec., ¶10.)  And

7   Fox will present expert testimony identifying the substantial overpayment of royalties

8   received by BPL as a result of Fox's agreement to pay an enhanced royalty percentage

9   not required by the Agreement based on the understanding that BPL was not disputing

10  the appropriateness of deductions under the Agreement.  (*Id.* at ¶11(e) &(f).)

11      Fox will obtain this evidence according to the schedule ordered by the Referee

12  through the normal tools of expert discovery.  Fox is entitled to dispute Plaintiffs'

13  premature expert evidence if the Referee deems any part of the Tregillis Declaration

14  to be material to the summary judgment issues.

15      Fox also intends to present expert evidence that contradicts the conclusions

16  relating to "producer services" reflected in the Bernstein Declaration.  Fox submits

17  that the Bernstein Declaration is irrelevant because the parties' expectations and intent

18  (not Bernstein's views about WGA rules) dictates whether or not implied-in-fact

19  contracts were reached between Karman and Fox.  (*Id.*, ¶¶15-16.)  Moreover, the

20  industry expert designated by Fox will present testimony that in situations where

21  producers retain third-parties to perform workthe studio must approve the hiring

22  decision.   Here, without any notice to Fox, Karman hired Deborah Ann Hayes

23  ("Hayes") to prepare the pencil sketches, for which she seeks compensation based on

24  an implied contract theory.  Because Fox did not know Karman hired Hayes, Karman

25  is not entitled to be reimbursed for the $6,400 she paid Hayes to prepare those

26  sketches nor is she entitled to compensation for providing input on any purported

27  designs.  In the event, however, the Referee deems any part of Bernstein's Declaration

28

material to the issues, Fox seeks to cross-examine Bernstein to demonstrate the flaws in his analysis.  The expert witnesses designated by Fox will likewise contradict Bernstein's conclusions. (*Id.*)

## III.  **CONCLUSION**

Fox's Application together with the supporting Ruga Declaration detail specifically that further discovery is necessary in order for Fox to properly probe the opinions of Plaintiffs' experts and to present material evidence necessary to oppose Plaintiffs' Motions, in the event the Referee believes these expert declarations are material.  Should the Referee consider the testimony of the Bernstein or Tregillis material, Fox is necessarily entitled under Rule 56(d) to take the depositions of Bernstein and Tregillis and to develop the testimony of industry experts on its behalf before the Referee rules of Plaintiffs' Motions.

DATED:  December 6, 2013       LOUIS A. KARASIK
                              RACHEL M. CAPOCCIA
                              CASONDRA K. RUGA
                              **ALSTON & BIRD LLP**


                              /s/  Louis A. Karasik
                                        Louis A. Karasik
                              Attorneys for Defendant
                              TWENTIETH CENTURY FOX FILM
                              CORPORATION

**PROOF OF SERVICE**

I, Louis A. Karasik, declare:

I am employed in the County of Los Angeles, State of California.  My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071.  I am over the age of eighteen years and not a party to the action in which this service is made.

On December 6, 2013, I served the document(s) described as follows: **APPLICATION PURSUANT TO FRCP 56(d) IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S OPPOSITIONS TO PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

on the interested parties in this action:

☐   BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, CA 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, CA 90071.

☒   **BY ELECTRONIC SERVICE-CASE ANYWHERE**:  I transmitted via the internet, a true copy of the above-entitled document(s) to Case Anywhere at www.caseanywhere.com.  I caused the above-entitled document(s) to be sent to the recipients on the service list as maintained by Case Anywhere in this action.

☐   BY ELECTRONIC MAIL TRANSMISSION:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒   [Federal]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 6, 2013, at Los Angeles, California.

/s/  Louis A. Karasik
LOUIS A. KARASIK