1  LOUIS A. KARASIK (State Bar No. 100672)
   RACHEL M. CAPOCCIA (State Bar No. 187160)
2  CASONDRA K. RUGA (State Bar No. 237597)
   **ALSTON & BIRD LLP**
3  333 South Hope Street
   Sixteenth Floor
4  Los Angeles, California 90071
   Telephone: (213) 576-1000
5  Facsimile: (213) 576-1100
   lou.karasik@alston.com
6  rachel.capoccia@alston.com
   casondra.ruga@alston.com
7
   Attorneys for Defendant
8  TWENTIETH CENTURY FOX FILM CORPORATION

9

10                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
11                       WESTERN DIVISION

12

13  BAGDASARIAN PRODUCTIONS, LLC, a     Case No. CV 10-02991 MWF (JCGx)
    California limited liability company, and
    JANICE KARMAN, an individual,        Referred under Cal. Code Civ. Proc.
14                                       Section 638 to:
              Plaintiffs,
15                                       Hon. Carl J. West (Ret.)
       v.                                JAMS Reference No. 1220044628
16
    TWENTIETH CENTURY FOX FILM                    **CONFIDENTIAL**
17  CORPORATION, a Delaware corporation,       **FILED UNDER SEAL**

18            Defendant.                 **DECLARATION OF CASONDRA K.
                                         RUGA IN SUPPORT OF
19                                       DEFENDANT TWENTIETH
                                         CENTURY FOX FILM
20                                       CORPORATION'S APPLICATION
                                         PURSUANT TO FRCP 56(d)**
21
                                         [Fox's Application Pursuant to FRCP
22                                       56(d) filed concurrently herewith]

23
                                         Filing Date:    April 21, 2010
24                                       Hearing Date:   January 24, 2014
                                         Hearing Time:   9:00 a.m.
25

26

27

28

---
DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM
CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

# DECLARATION OF CASONDRA K. RUGA

I, Casondra K. Ruga, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and am a senior associate with the law firm of Alston & Bird LLP, attorneys of record herein for Defendant Twentieth Century Fox Film Corporation ("Fox"). I make this declaration in support of Fox's Application pursuant to Federal Rules of Civil Procedure ("FRCP") 56(d). I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently to them.

## Plaintiffs' Motions for Partial Summary Judgment Rely on Premature Expert Declarations

2. According to the Referee's July 23, 2013 Scheduling Order, Initial Expert Disclosures are set to be exchanged on February 10, 2014, Rebuttal Expert Disclosures are due February 24, 2014, and the expert discovery deadline is March 30, 2014. Attached hereto as Exhibit 1 is at true and correct copy of the Scheduling Order.

3. Although expert discovery has not yet even commenced, on November 8, 2013 Plaintiff Bagdasarian Productions, LLC ("BPL") filed its Motion for Partial Summary Judgment on Certain Breach of Contract Claims relying on an expert declaration from Christian Tregillis, a forensic accountant ("Tregillis Declaration"). On November 8, 2013 Plaintiff Janice Karman ("Karman") filed her own Motion for Partial Summary Judgment on Implied Contract Claims relying on expert testimony in the form of a Declaration of Frederic I. Bernstein ("Bernstein Declaration").

4. The parties met and conferred on November 1, 2013 over anticipated motions for summary judgment. Plaintiffs gave no notice of their intent to rely on expert declarations in support of their motions. Plaintiffs made no attempt to set a schedule that would permit depositions of any experts in connection with the briefing schedule. Fox assumed that the parties' motions would be based on undisputed facts,

1

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

not expert opinions, and that any expert opinions relevant to the controversy would be submitted in accordance with the Referee's schedule for this matter (should there be any issues that survive summary judgment that require expert testimony). Instead, Plaintiffs without prior notice submitted expert declarations in support of their Motions on November 8, 2013. Notably, Fox's counsel Lou Karasik was involved in preparation and deposition of Tom Rothman, a witness in this matter, on November 12 and 13, was away on other business on November 14 and 15, and was out of the Country from November 18 until just before the Thanksgiving holiday. Fox had no obligation to conduct immediate depositions of experts during the time period Fox was allotted to respond to Plaintiffs' Motions, and no obligation to conduct any expert discovery before the orderly exchange of expert opinions and scheduling of depositions required by the schedule in February 2014, but even if Fox had wanted to do so, it was not possible.

5. As detailed in Fox's opposition papers and Fox's own motion for partial summary judgment, Fox submits that the expert materials relied upon by Plaintiffs do not support their claims and do not avoid dismissal of the claims on Fox's motion. Fox's position is that Plaintiffs' expert opinions are irrelevant and that no expert discovery is necessary because Plaintiffs' claims fail as a matter of law based on the undisputed facts.

6. In the event, however, that the Referee finds the expert material pertinent to Plaintiffs' motions, Fox submits that Plaintiffs' motions cannot fairly be decided because Fox has not had opportunity to examine the experts and otherwise present facts pertinent to the Tregillis Declaration or Bernstein Declaration that are material and necessary to oppose Plaintiffs' reliance on these materials in Plaintiffs' Motions. These facts include cross-examination of Plaintiffs' experts to determine the basis of their opinions, to confront them with facts not accounted for in their declarations, to demonstrate the inadequacies of their conclusions and to otherwise rebut their expert testimony. The facts Fox has had no opportunity to present include expert testimony

2

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

from Fox's own experts challenging the conclusions of Plaintiffs' experts and providing additional testimony pertinent to the issues. To the extent the Referee holds that any portion of the Tregillis Declaration or Bernstein Declaration is relevant and admissible, Fox requests additional time to respond to this evidence and submits that Plaintiffs' Motions cannot be determined until Fox is given an opportunity to do so.

7. I detail below each of the following: (1) the facts indicating a likelihood that controverting evidence exists with respect to Plaintiffs' Motions; (2) the reasons why such evidence has been unavailable to Fox; (3) the steps or procedures by which Fox proposes to obtain such evidence; and (4) an explanation of how those facts will defeat Plaintiffs' Motions.

**Expert Discovery Will Further Contradict BPL's Purported Undisputed Facts Set Forth in its Motion Relating to Soundtrack Royalties**

8. Expert discovery is set to open in February 2014. Assuming he is identified as Plaintiffs' expert at that time, Fox intends to depose Mr. Tregillis. Facts pertinent to Fox's opposition to Plaintiffs' Motion will be obtained by deposition of Mr. Tregillis. Fox will diligently work to ensure that expert discovery is completed pursuant to the deadlines set forth in the Referee's July 2013 Scheduling Order. (Ex. 1.) No such evidence could possibly have been obtained beforehand because the Tregillis Declaration only surfaced on November 8, with no prior notice, and the time period for exchange of expert reports and depositions does not commence until February 2014.

9. A deposition of Tregillis will inquire, among other things, into the nature of his calculations relating to the purported underreporting of units to BPL for the *Alvin and the Chipmunks* ("*Alvin*") soundtrack album and his conclusions relating to Fox's alleged underreporting of royalties to BPL on both the *Alvin* and the *Alvin and the Chipmunks: The Squeakquel* ("*The Squeakquel*") soundtrack albums. Fox will ask Tregillis questions relating to his comparison of the statements Fox received from Razor & Tie ("R&T") on the *Alvin and the Chipmunks* ("*Alvin*") soundtrack album

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

(that reported to Fox the total revenues less actual costs and expenses) with the royalty participant statements sent to BPL (that instead reduced the reported units by free-goods and discounted unit deductions/reductions). In addition, Fox will examine Tregillis on his knowledge of the music industry and on his experiences relating to the 20 royalty audits he has conducted prior to his participation in this litigation.

10. For each of the conclusions reached by Tregillis, Fox intends to undertake cross-examination of Tregillis that will demonstrate his methodology is flawed, he relies on mistaken assumptions, he has reached erroneous conclusions and that his opinions are not reliable or correct.

11. In addition, to dispute Tregillis's testimony Fox intends to obtain expert evidence of its own. Specifically, Fox intends to rely on at least the expert testimony of William R. Ackerman ("Ackerman"), a Certified Public Accountant with Freeman & Mills with over 20 years of experience as an auditor and a consultant. Ackerman's testimony will include at least all of the following:

   a. Ackerman will provide evidence regarding the computation of BPL's soundtrack royalties for the *Alvin* and *The Squeakquel* albums that differs substantially from Tregillis's calculations. Unlike Tregillis, Ackerman's testimony will be based on the plain words of the Agreement, together with Fox's agreements with the soundtrack distributors, R&T and Rhino. Ackerman will contradict Tregillis' conclusions that there has been an underpayment of royalties.

   b. Unlike Tregillis, Ackerman has spoken directly with R&T about their accounting and reporting methods and can speak to the reporting of units with actual knowledge of the methodologies used. Ackerman will contradict Tregillis's conclusions that are based on faulty assumptions and incorrect information.

   c. Ackerman will evaluate the calculations and methodologies described in Tregillis's declaration to identify errors. Ackerman will explain the

4

|     |     |
| --- | --- |
| 1   | difference between the units reported to BPL on its statements ▮ |
| 2   | ▮▮▮▮▮▮▮▮▮ and the units |
| 3   | reported by R&T on Fox's statement ▮▮▮▮ |
| 4   | ▮▮▮▮ Ackerman will demonstrate Tregillis's |
| 5   | conclusions are flawed, that there has been no underreporting of units |
| 6   | and that Fox paid BPL all amounts they are due pursuant to the |
| 7   | relevant agreements. |

    d. Ackerman will further demonstrate that calculating BPL's royalties for *The Squeakquel* soundtrack album based on the Published Price to Dealer ("PPD") without deductions is virtually the penny equivalent of calculating BPL's royalties using SRLP with certain deductions. The testimony of Ackerman will contradict the conclusions Tregillis reached with respect to soundtrack royalties for *The Squeakquel*.

    e. Ackerman will provide evidence of the substantial overpayment of royalties made to BPL based on the enhanced Artist/Producer royalty of 10.75%, as well as Fox's other potential claims of offset. As detailed in Fox's opposition papers, if deductions are jettisoned from the Agreement, Fox seeks recovery on its affirmative defense of offset because Fox afforded BPL an enhanced royalty with the understanding that BPL did not dispute deductions. Ackerman will testify as to the amount of the offset.

    f. Ackerman will provide evidence of the substantial overpayment of royalties made to BPL if, as BPL argues in its papers, paragraph 10(c) of the Agreement requires that soundtrack payments to Fox and BPL be made on the same basis with respect to deductions.

12. Under the schedule, Mr. Ackerman's expert opinion and testimony is not required until February 2014. I know from our exchanges with Mr. Ackerman after learning of Tregillis's declaration that Mr. Ackerman was not in a position to prepare

5

and finalize his testimony about soundtrack issues, and develop his responsive analysis, in the short time period since Fox received the Tregillis report on November 8. Mr. Ackerman has responsibilities in other engagements and had no notice that his expert analysis or declaration testimony would be required in the weeks before and after Thanksgiving.

13. In the event the Referee believes the parties' Agreement is ambiguous with respect to the soundtrack terms so that expert testimony is necessary or appropriate to determine its meaning, Fox intends to retain another expert who will present expert testimony relating to the custom and practice in the music industry relating to the payment of royalties keyed to SRLP. Fox had no reason to believe it was required to engage its intended music industry expert three months before expert reports in this matter are due. Should the Referee conclude that the Agreement is ambiguous and that the issues cannot be resolved based on the plain words of the contract (Fox submits that the Agreement is unambiguous), this expert will confirm that BPL's interpretation of the Agreement – namely, that BPL is paid royalties based on SRLP with no deductions – represents an unprecedented result, contrary to well-known music industry practices.

**Expert Discovery Will Further Contradict Karman's Purported Facts Set Forth in Her Motion Relating to Her Writing and Graphic Design Services Claims**

14. In her Motion, Karman relies on the Bernstein Declaration and his conclusions relating to the role of writers and producers in the motion picture industry. Like Tregillis, Fox has not had an opportunity to depose Bernstein because the time to conduct expert discovery has not yet even commenced. Fox intends to depose Mr. Bernstein. Facts pertinent to Fox's opposition to Plaintiffs' Motion will be obtained by deposition of Mr. Bernstein. Fox will diligently work to ensure that expert discovery is completed pursuant to the deadlines set forth in the Referee's July 2013 Scheduling Order. (Ex. A.) No such evidence could possibly have been obtained

6

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

beforehand because the time period for exchange of expert reports and depositions does not commence until February 2014.

15. A deposition of Bernstein will inquire, among other things, into the basis for Bernstein's opinions about services customarily rendered by producers, including inquiry into prior matters he has handled for studios where producers were retained and provided writing. Fox will cross-examine Bernstein to demonstrate that his conclusions are flawed and without foundation, including lacking foundation to opine on Karman's expectations as a producer or of additional compensation. Fox will determine whether Bernstein has considered any of the evidence in this matter to determine whether, under the circumstances, Karman could reasonably expect compensation for producer services that she insisted on providing. Fox will inquire into Bernstein's knowledge of a studio's practice to require written agreements for the payment of any additional compensation where there is a prior written contract in place. Fox will establish through Bernstein that Karman could not reasonably expect additional compensation for any writing absent the writer's agreement that she rejected. Further, Fox will examine Bernstein about BPL's claims related to the WGA credit proceedings to establish that Fox would have no involvement in any such proceedings and that Karman's identification as a participating writer is not evidence that Fox ever agreed or expected to compensate Karman.

16. In addition to a deposition of Bernstein, Fox will present its own expert testimony to contradict each of Bernstein's positions. Specifically, Fox has retained Judd Funk ("Funk"), an attorney who has worked in the entertainment industry for nearly 30 years, including as in-house counsel for major motion picture studios and entertainment companies, and who teaches entertainment law at Chapman University School of Law and Dodge College of Film. Funk will provide evidence regarding the role of producers that are also rights holders in the motion picture industry. The evidence presented by Funk will contradict Bernstein's testimony in at least the following respects:

7

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

a. Funk will explain that there is no hard and fast rule that producers never perform script writing or provide graphic designs.

b. Funk will demonstrate that in the motion picture industry, a producer with approval rights such as those held by Karman is acting fully within the terms of the Agreement when she provides script materials to express storyline approval or graphic materials to express character approval.

c. Funk will testify that producers obtain consent from studios to hire third parties if they intend on seeking reimbursement for the out-of-pocket costs associate with any hiring decisions.

d. Funk will rely on the evidence in this case to provide opinions that Karman provided services consistent with her approval rights and consistent with those customarily rendered by producers.

e. Funk will contradict Mr. Bernstein's assertion that the applicable Writers Guild of America Theatrical and Television Basic Agreement ("WGA Agreement") and the Producers Guild of America Guidelines ("PGA Guidelines") circumscribe Karman's role in the production of the pictures.

17. Under the schedule, Mr. Funk's expert opinion and testimony is not required until February 2014. My colleagues who contacted Mr. Funk report that he was not in a position to prepare and finalize his testimony about producer issues, and develop his responsive analysis, in the short time period since Fox received the

///
///
///
///
///
///

8

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)

1  Bernstein report on November 8. Mr. Funk had no notice that his expert analysis or
2  declaration testimony would be required in the weeks before and after Thanksgiving.
3        I declare under penalty of perjury that the foregoing is true and correct.
4  Executed on this 6th day of December, 2013, in Los Angeles, California.

                                                Casondra K. Ruga

# EXHIBIT 1

| | |
|---|---|
| 1 | HON. CARL J. WEST, RET. |
| 2 | JAMS |
| | 707 Wilshire Blvd. |
| 3 | 46th Floor |
| | Los Angeles, CA 90017 |
| 4 | Tel: 213-620-1133 |
| | Fax: 213-620-0100 |
| 5 | |
| 6 | Referee |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BAGDASARIAN PRODUCTIONS, LLC, and JANICE KARMAN, | Case No. CV 10-02991 MWF (JCGx) |
| Plaintiffs, | JAMS Reference # 1220044628 |
| vs. | **SCHEDULING ORDER FOLLOWING STATUS CONFERENCE HELD ON JULY 23, 2013** |
| TWENTIETH CENTURY FOX FILE CORPORATION, | |
| Defendants. | |

A telephonic conference with the Referee was held on July 23, 2013. Participants: Steven Marenberg and Doug Dixon for Plaintiffs. Louis Karasik and Casondra Ruga for Defendant. The Referee and counsel discussed scheduling issues related to ongoing discovery, pending motion practice, and the need to revise the schedule set by the Referee following the Status Conference held on March 19, 2013. The Referee now issues the following revised discovery and pre-trial schedule:

////

1

1. Discovery shall be conducted on the following schedule:

   Fact Discovery cutoff – October 18, 2013

   Initial Expert Disclosures – February 10, 2014

   Rebuttal Expert Disclosures – February 24, 2014

   Expert Discovery Cutoff – March 30, 2014

2. Potentially Dispositive Motions, including motions for summary judgment or summary adjudication of issues shall be briefed and heard on the following revised schedule:

   Motions due November 8, 2013

   Oppositions due December 6, 2013

   Replies due December 23, 2013

   Hearings on January 24, 2014 at 9:00 am in the JAMS – LA Resolution Center.

3. The parties are ordered to participate in a mediation effort between December 6, 2013 and January 17, 2014.

4. An Early Trial Readiness Conference will be reset on April 16, 2014 at 9:00 am at the JAMS Los Angeles Resolution Center. In advance of the Early Trial Readiness Conference counsel shall conduct the meeting of counsel required by Local Rule 16.2. On or before April 11, 2014, the Parties shall serve the following Documents:

   a) Witness and Exhibit Lists as required by Local Rules 16.5 and 16.6;

   b) Memorandums of Contentions of Fact and Law as required by Local Rule 16.4;

c) A Joint Statement identifying any issues regarding motions in limine, additional pretrial motions, or any other open issues that may impact the orderly presentation of evidence or the trial schedule.

5. A Final Pretrial Conference pursuant to Local Rule 16.7 will be reset on April 30, 2014 at 9:00 am at the JAMS Los Angeles Resolution Center. The following documents shall be served and filed in advance of the Final Pretrial Conference:

a) Proposed Findings of Fact and Conclusions of Law pursuant to Local Rule 52.1;

b) Trial Briefs pursuant to Local Rule 16.10;

c) Disclosures of Graphic Evidence and Illustrative Material pursuant to Local Rule 16.3;

d) A Joint Stipulation of undisputed facts and issues of law as agreed by the parties;

e) To the extent agreed by the parties, declarations / statements of direct testimony intended to be offered subject to cross-examination of the witnesses.

6. Trial is scheduled to commence on May 5, 2014 and continue day to day on weekdays through May 16, 2014. Trial will be held in the JAMS Los Angeles Resolution Center located at 707 Wilshire Boulevard, 46th Floor, Los Angeles, CA 90017.

Dated: July 23, 2013

CARL J. WEST
Judge of the Superior Court (Ret.)
Referee

3

13

## PROOF OF SERVICE BY U.S. MAIL

Re: Bagdasarian Productions LLC et al. vs. Twentieth Century Fox Film Corporation
Reference No. 1220044628

I, Kathryn Cisneros, not a party to the within action, hereby declare that on July 24, 2013 I served the attached SCHEDULING ORDER FOLLOWING STATUS CONFERENCE ON JULY 23, 2013 on the parties in the within action by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, Los Angeles, CALIFORNIA, addressed as follows:

Steven A. Marenberg Esq.
Irell & Manella, LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
   Parties Represented:
   Bagdasarian Productions
   Janice Karman

Rachel M. Capoccia Esq.
Louis Karasik Esq.
Casondra K. Ruga Esq.
Alston & Bird LLP
333 S. Hope St.
16th Floor
Los Angeles, CA 90071
   Parties Represented:
   Twentieth Century Fox Film Corp.

Hon. Michael W. Fitzgerald
U.S. District Court
312 N. Spring St.
#G-8
Los Angeles, CA 90012-4793

Douglas J. Dixon Esq.
Melissa R. McCormick Esq.
Irell & Manella, LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660
   Parties Represented:
   Bagdasarian Productions
   Janice Karman

I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA, on July 24, 2013.

*Kathryn Cisneros* (signature)
Kathryn Cisneros

14

# PROOF OF SERVICE

I, Louis A. Karasik, declare:

I am employed in the County of Los Angeles, State of California. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On December 6, 2013, I served the document(s) described as follows: **DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)** on the interested parties in this action:

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, CA 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, CA 90071.

☒ **BY ELECTRONIC SERVICE-CASE ANYWHERE**: I transmitted via the internet, a true copy of the above-entitled document(s) to Case Anywhere at www.caseanywhere.com. I caused the above-entitled document(s) to be sent to the recipients on the service list as maintained by Case Anywhere in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒ [Federal]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 6, 2013, at Los Angeles, California.

/s/ Louis A. Karasik
LOUIS A. KARASIK

---

10

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S APPLICATION PURSUANT TO FRCP 56(d)