1  LOUIS A. KARASIK (State Bar No. 100672)
   RACHEL M. CAPOCCIA (State Bar No. 187160)
2  CASONDRA K. RUGA (State Bar No. 237597)
   **ALSTON & BIRD LLP**
3  333 South Hope Street
   Sixteenth Floor
4  Los Angeles, California 90071
   Telephone: (213) 576-1000
5  Facsimile: (213) 576-1100
   lou.karasik@alston.com
6  rachel.capoccia@alston.com
   casondra.ruga@alston.com
7
   Attorneys for Defendant
8  TWENTIETH CENTURY FOX FILM CORPORATION

9                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
10                        WESTERN DIVISION

| | |
|---|---|
| 11  BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company, and JANICE KARMAN, an individual,<br><br>         Plaintiffs,<br><br>    v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation,<br><br>         Defendant. | Case No. CV 10-02991 MWF (JCGx)<br><br>Referred under Cal. Code Civ. Proc. Section 638 to:<br><br>Hon. Carl J. West (Ret.)<br><br>JAMS Reference No. 1220044628<br><br>**CONFIDENTIAL FILED UNDER SEAL**<br><br>**DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Declarations of Louis A. Karasik and Casondra K. Ruga in support of Motion for Attorneys' Fees and Costs; Notice of Application to Tax Costs and Proposed Bill of Costs; Declaration of Casondra K. Ruga in support of Application to Tax Costs; and [Proposed] Order Granting Fox's Motion for Attorneys' Fees and Costs and Fox's Application to Tax Costs]<br><br>Filing Date:    April 21, 2010<br>Hearing Date:   August 15, 2014<br>Hearing Time:   9:00 a.m. |

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2014, at 9:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Carl J. West, located at 707 Wilshire Blvd., 46th Floor, Los Angeles, California, defendant Twentieth Century Fox Film Corporation ("Fox") will and hereby does move the Referee for an award of reasonable attorneys' fees and costs against Plaintiffs' Janice Karman (Karman") and Bagdasarian Productions, LLC ("BPL") (collectively "Plaintiffs") in the amount of (a) $837,006 for fees incurred by Fox in its successful defense of Plaintiffs' copyright-related claims; (b) $850,000 for fees incurred by Fox in its successful defense of Plaintiffs' other baseless claims lacking factual or legal support; (c) $135,000 for fees incurred to pursue Fox's Motion for fees on the copyright-related claims; and (d) for non-taxable costs of $7,469.72 that are recoverable under the Copyright Act, in addition to the taxable costs of $89,418.01 recoverable under Federal Rule 54 detailed in the accompanying Notice of Application to Tax Costs and Proposed Bill of Costs.

**Fox's Motion for Fees**

Fox's Motion for fees is based on the following grounds:

1. **17 U.S.C. § 505**

The Copyright Act (the "Act"), 17 U.S.C. § 505, provides for an award of attorneys' fees to prevailing parties who successfully protect their copyright interests. Fox is the prevailing party on Plaintiffs' claims in their First Amended Complaint ("FAC") that are governed by the Act: (1) Karman's claim for declaration of co-ownership and accounting based on claimed "joint author" status under the Act (Count I); (2) Karman's copyright infringement claim (Count II); (3) Plaintiffs' claim for unjust enrichment for Fox's use of Karman's alleged written materials (Count III); and (4) Plaintiffs' claim for unjust enrichment for Fox's use of Karman's alleged graphic designs (Count IV) (collectively "Copyright-related Claims").

Fox's "total success in defending against [Plaintiffs'] copyright claims" warrants a fee award. *Malijack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d

881, 890 (9th Cir. 1996). An award of fees furthers the purposes of the Act by encouraging the exercise of copyright interests to benefit the public, encouraging the defense of meritless claims, deterring the assertion of baseless claims, establishing certainty of copyright interests and promoting expeditious resolution of specious copyright lawsuits. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) ("*Fogerty II*"); *Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). Moreover, though not necessary to support an award of fees under the Act, Fox is also entitled to fees for defense of the Copyright-related Claims because they were objectively unreasonable and frivolous as they contradicted the plain and unambiguous language of the parties' contract, and Plaintiffs pursued their Copyright-related Claims in bad faith, even after the deficiencies of their theories were brought to the attention of their counsel before suit was filed. *Porto v. Guirgis*, 659 F.Supp.2d 597, 617 (S.D.N.Y. Sept. 28, 2009); *Berry v. Hawaiian Exp. Service, Inc.*, 2006 WL 4102120 at *9-10 (D. Haw. Oct. 21, 2006).

The reasonableness of the fees incurred by Fox to defend the Copyright-related Claims is detailed in the accompanying Declaration of Louis A. Karasik ("Karasik Dec.") filed concurrently herewith, which identifies the time-entries and legal services for which Fox seeks recovery.

Fox also seeks recovery of its reasonable attorneys' fees of $135,000 associated with the preparation of this Motion, which also includes the anticipated fees Fox will incur in connection with the reply brief and the hearing on the Motion. *See* 17 U.S.C. §505 (permitting recovery of "full costs" and a "reasonable attorney's fee"); *see also Goldberg v. Cameron*, 2011 WL 3515899 at *8 (N.D. Cal. Aug. 11, 2011) (allowing recovery of incurred with preparation of fee motion under Section 505); *Ryan v. Editions Ltd. W., Inc.*, 2010 WL 3987829 at *5 (N.D. Cal. Oct. 12, 2010) (granting defendants fees motion under Section 505 for the "entire amount sought", which included "time spent on the pending motion").

///

2. **Rule 37(c)(2) of the Federal Rules of Civil Procedure**

Rule 37(c)(2) of the Federal Rules of Civil Procedure makes an award of reasonable expenses, including attorneys' fees, mandatory to a party that serves Requests for Admission ("RFAs") under Rule 36 where the responding party improperly denies the requests and the requesting party thereafter establishes the matter denied and otherwise prevails. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994) (awarding sanctions pursuant to Fed.R.Civ.P. 37(c)(2)). Fox incurred substantial fees and expenses in excess of $850,000 to establish the matters denied and to otherwise prevail on Plaintiffs' Purchase Price claim, Merchandising Claim, FX Distribution Claim, *Alvin* HBO Distribution Claim and Karman's Graphic Design Services claims, for which Plaintiffs denied Fox's RFAs but never identified any supporting evidence. The fees incurred by Fox to establish the matters denied and to otherwise prevail on these claims after Plaintiffs denied Fox's RFA are detailed in the Karasik Decl. filed concurrently herewith.

3. **Referee's Inherent Authority**

In addition to the statutory authority, the Referee has inherent authority to award attorneys' fees to sanction bad faith pursuit of claims. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). That authority should be exercised here because Plaintiffs pursued more than fifteen meritless claims, all dismissed by the Referee, while (a) rebuffing Fox's repeated efforts to meet and confer over the plain deficiencies of their claims; (b) pursuing claims even after Fox pointed to admissions in Plaintiffs' own documents that contradicted their theories, and (c) forcing Fox to engage in expensive discovery and pursue dispositive motions that should not have been necessary. Although Fox has incurred in excess of ▇▇▇▇▇▇▇ in fees to defend against Plaintiffs' meritless claims (aside from the fees incurred in defense of the Copyright-related Claims), it is only seeking $850,000 in reasonable attorneys' fees under Rule 37(c)(2) and the Court's inherent authority.

///

1       Pursuant to Local Rule 7-3, on May 15, 2014, counsel for the parties
2 participated in a telephonic meet-and-confer over Fox's Motion and thereafter
3 exchanged letters relating to Fox's Motion. (*See* Karasik Dec., ¶¶77-78, Exs. 26-30.)
4       This Motion is based upon this Notice of Motion and Motion, the Memorandum
5 of Points and Authorities, the Declarations of Casondra K. Ruga and Louis A. Karasik
6 filed herewith, the pleadings on file in this action, and upon such other evidence and
7 argument as may be presented prior to or at the time of the hearing on this matter.

DATED: June 6, 2014

**ALSTON & BIRD LLP**
Louis A. Karasik
Rachel M. Capoccia
Casondra K. Ruga


By: /s/ Louis A. Karasik
    Louis A. Karasik
    Attorneys for Defendant
    **TWENTIETH CENTURY FOX FILM CORPORATION**

# PROOF OF SERVICE

I, Louis A. Karasik, declare:

I am employed in the County of Los Angeles, State of California. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On June 6, 2014, I served the document(s) described as follows: **DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** on the interested parties in this action:

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, CA 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, CA 90071.

☒ **BY ELECTRONIC SERVICE-CASE ANYWHERE**: I transmitted via the internet, a true copy of the above-entitled document(s) to Case Anywhere at www.caseanywhere.com. I caused the above-entitled document(s) to be sent to the recipients on the service list as maintained by Case Anywhere in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒ [Federal]   I declare under penalty of perjury that the above is true and correct.

Executed on June 6, 2014, at Los Angeles, California.

                /s/  Louis A. Karasik
                  Louis A. Karasik