| | |
|---|---|
| 1 | HON. CARL J.WEST RET. JAMS |
| 2 | 707 Wilshire Blvd. |
| 3 | 46th Floor<br>Los Angeles, CA 90017 |
| 4 | Tel: 213-620-1133<br>Fax: 213-620-0100 |
| 5 | Referee |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BAGDASARIAN PRODUCTIONS, LLC, a California limited liability company, and JANICE KARMAN, an individual,<br><br>            Plaintiffs,<br><br>    v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation,<br><br>            Defendant. | Case No. CV 10-02991 MWF (JCGx)<br><br>Referred under Cal. Code Civ. Proc. Section 638 to:<br><br>Hon. Carl J. West (Ret.)<br><br>JAMS Reference No. 1220044628<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS AND FOX'S APPLICATION TO TAX COSTS**<br><br>Filing Date:          4/21/2010 |

# ORDER

Having read and considered Defendant Twentieth Century Fox Film Corporation's ("Fox") Motion for Attorneys' Fees and Costs ("Motion") and its Application to Tax Costs and Proposed Bill of Costs ("Application"), and having considered the evidence and argument offered in support and opposition thereto, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion and Application is GRANTED, as follows:

Plaintiffs Janice Karman and Bagdasarian Productions, LLC (collectively "Plaintiffs") are ordered to pay Fox the amount of: (1) $837,006 for fees incurred by Fox in its successful defense of Plaintiffs' Copyright-related Claims;[1] (2) $850,000 for fees incurred by Fox in its successful defense of Plaintiffs' other claims lacking factual or legal support; (3) $135,000 for fees incurred to pursue Fox's Motion for fees on the copyright-related claims; (4) taxable costs of $89,418.01 under Rule 54 of the Federal Rules of Civil Procedure; and (5) non-taxable costs of $7,469.72 that are recoverable under the Copyright Act (the "Act"), 17 U.S.C. §505, for a total award to Fox of $1,918,893.73.

The Referee finds that the hourly rates of the attorneys, paralegals, and case assistants at Alston & Bird, LLP ("A&B") who worked on this matter are reasonable. The Referee further concludes that the hours spent and fees incurred by Fox to defend against Plaintiffs' Copyright-related Claims and all other claims Plaintiffs asserted during the course of this litigation are reasonable.

The Referee finds that Fox's complete success in defense of the Copyright-related Claims furthered the purposes of the Act to and warrants a fee award.

---

[1] The phrase "Copyright-related Claims" collectively refers to Plaintiffs' claims in their First Amended Complaint that are governed by the Act, specifically: (1) Karman's claim for declaration of co-ownership and accounting based on claimed "joint author" status under the Act (Count I); (2) Karman's copyright infringement claim (Count II); (3) Plaintiffs' claim for unjust enrichment for Fox's use of Karman's alleged written materials (Count III); and (4) Plaintiffs' claim for unjust enrichment for Fox's use of Karman's alleged graphic designs (Count IV).

1 *Malijack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996). An award of fees to Fox furthers the purposes of the Act by encouraging the exercise of copyright interests to benefit the public, encouraging the defense of meritless claims, deterring the assertion of baseless claims, establishing certainty of copyright interests and promoting expeditious resolution of specious copyright lawsuits. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) ("*Fogerty II*"); *Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). Further, in light of the plain and unambiguous language of the parties' Agreement, Plaintiffs' Copyright-related claims were objectively unreasonable and frivolous. Moreover, Plaintiffs pursued their Copyright-related Claims in bad faith and for improper motivation, even after the deficiencies of their theories were brought to the attention of their counsel before suit was filed. *Porto v. Guirgis*, 659 F.Supp.2d 597, 617 (S.D.N.Y. Sept. 28, 2009); *Berry v. Hawaiian Exp. Service, Inc.*, 2006 WL 4102120 at *9-10 (D. Haw. Oct. 21, 2006).

Pursuant to Section 505 of the Act, Fox also is awarded its reasonable attorneys' fees in the amount of $135,000 in connection with the preparation of this Motion. *See* 17 U.S.C. §505 (permitting recovery of "full costs" and a "reasonable attorney's fee"); *see also Goldberg v. Cameron*, 2011 WL 3515899 at *8 (N.D. Cal. Aug. 11, 2011) (allowing recovery of incurred with preparation of fee motion under Section 505); *Ryan v. Editions Ltd. W., Inc.*, 2010 WL 3987829 at *5 (N.D. Cal. Oct. 12, 2010) (granting defendants fees motion under Section 505 for the "entire amount sought", which included "time spent on the pending motion").

Rule 37(c)(2) of the Federal Rules of Civil Procedure makes an award of reasonable expenses, including attorneys' fees, mandatory to a party that serves Requests for Admission ("RFAs") under Rule 36 where the responding party improperly denies the requests and the requesting party thereafter establishes the matter denied and otherwise prevails. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994) (awarding sanctions pursuant to Fed.R.Civ.P. 37(c)(2)). The Referee

finds that Fox incurred reasonable fees in excess of $850,000 to establish the matters denied and to otherwise prevail on Plaintiffs' Purchase Price claim, Merchandising Claim, FX Distribution Claim, *Alvin* HBO Distribution Claim and Karman's Graphic Design Services claims, for which Plaintiffs denied Fox's RFAs but never identified any supporting evidence or otherwise were justified in denying the RFAs.

The Referee also has inherent authority to award attorneys' fees to sanction bad faith pursuit of claims. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). The Referee concludes that an award of attorneys' fees to Fox is appropriate here because Plaintiffs pursued more than fifteen claims, all of which were dismissed, while (a) rebuffing Fox's repeated efforts to meet and confer over the plain deficiencies of their claims; (b) pursuing claims even after Fox pointed to admissions in Plaintiffs' own documents that contradicted their theories, and (c) forcing Fox to engage in expensive discovery and pursue dispositive motions that should not have been necessary. The Referee finds that an award to Fox of $850,000 for its reasonable attorneys' fees incurred to defend against Plaintiffs' claims, other than the Copyright-related Claims, is warranted as an exercise of the Referee's inherent power in light of Plaintiffs' bad faith pursuit of claims that lacked factual or legal support and prolonged these proceedings.

Fox has filed a Notice of Application to Tax Costs and Proposed Bill of Costs under Rule 54 of the Federal Rules of Civil Procedure seeking taxable costs of $89,418.01. The Referee finds that Fox is entitled to recovery of these costs. Further, Section 505 of the Act also allows the "recovery of full costs," including out-of-pocket expenses and otherwise non-taxable costs. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005). Fox is therefore awarded $7,469.72 for non-taxable costs, which include its postage fees and copying fees attributable to the Copyright-related Claims.

**IT IS SO ORDERED.**

DATED:_____

_____
Honorable Carl J. West

[PROPOSED] ORDER GRANTING DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S
MOTION FOR ATTORNEYS' FEES AND COSTS AND FOX'S APPLICATION TO TAX COSTS

# PROOF OF SERVICE

I, Louis A. Karasik, declare:

I am employed in the County of Los Angeles, State of California. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On June 6, 2014, I served the document(s) described as follows: **[PROPOSED] ORDER GRANTING DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS AND FOX'S APPLICATION TO TAX COSTS** on the interested parties in this action:

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, CA 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, CA 90071.

☒ **BY ELECTRONIC SERVICE-CASE ANYWHERE**: I transmitted via the internet, a true copy of the above-entitled document(s) to Case Anywhere at www.caseanywhere.com. I caused the above-entitled document(s) to be sent to the recipients on the service list as maintained by Case Anywhere in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒ [Federal]   I declare under penalty of perjury that the above is true and correct.

Executed on June 6, 2014, at Los Angeles, California.

          /s/ Louis A. Karasik
          Louis A. Karasik

[PROPOSED] ORDER GRANTING DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS AND FOX'S APPLICATION TO TAX COSTS